In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00046-CR
_____

**MICHAEL ANTHONY BERTRAND, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 128th District Court**
**Orange County, Texas**
**Trial Cause No. A220433-R**

**MEMORANDUM OPINION**

In an open plea, Appellant Michael Anthony Bertrand pled guilty to the first-degree felony offense of continuous sexual abuse of a child. *See* Tex. Penal Code Ann. § 21.02(b). The trial court sentenced him to sixty-six years of confinement. *See id.* § 21.02(h) (providing punishment range of twenty-five to nine-nine years).

Bertrand's appellate counsel filed an *Anders* brief presenting counsel's professional evaluation of the record and concludes that the appeal is

1

frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). After Bertrand's counsel filed his brief, we granted an extension of time for Bertrand to file a *pro se* response. Bertrand has not filed a response.

The Court of Criminal Appeals has held that we need not address the merits of issues raised in an *Anders* brief. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Rather, an appellate court may determine: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

Upon receiving an *Anders* brief, a court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief and have found no reversible error, and we conclude the appeal is wholly frivolous. *See Bledsoe*, 178 S.W.3d at 827–28. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

In our review of the record, however, we note the judgment reflected that Bertrand was required to pay reimbursement fees of $1,800 for court-appointed counsel. The record establishes that Bertrand was found to be indigent. Under Texas Code of Criminal Procedure article 26.05(g), a trial court shall order the reimbursement of court-appointed attorney fees only if "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided to the defendant . . . , including any expenses and costs[.]" Tex. Code Crim. Proc. Ann. art. 26.05(g).

The record does not show the trial court ever determined that Bertrand had the financial resources or ability to pay the appointed attorney's fees, thus the trial court erred by assessing them. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) (concluding judgment should be reformed to remove assessment of attorney's fees because there was no finding in the record that an indigent defendant was able to repay the costs of court-appointed counsel). Since the record does not support the award of $1,800.00 for the reimbursement of attorney's fees, we modify the judgment by deleting the reimbursement fees award of $1,865.00 and replace it with $65.00. *See id.*; *see also Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (holding that an appellate court has the authority to modify the

3

judgment in an *Anders* case and to affirm the judgment as modified). We affirm the trial court's judgment as modified.

AFFIRMED AS MODIFIED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on August 11, 2023
Opinion Delivered August 23, 2023
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.